The opinion of the court was delivered by
Marr, J.
Philip Werlein brought suit against M. E. Wheyland to recover $345, with interest, being balance due for a piano; and by sequestration and attachment and garnishment, he caused to be seized, in the hands of the Merchants’ Mutual Insurance Company “the insurance money of a certain piano upon which plaintiff had a vendor’s lien and privilege amounting to $345, interest, etc.,” which piano, it was alleged, was insured by the company for $400, and was lost by fire.
The company in answer to interrogatories denied indebtedness to -the defendant; and exhibited a policy in her name, on household furniture, for $1800; on a piano for $400; on a sewing-machine for $50; and on two mirrors for $75 each, in all $2400.
The suit resulted in a judgment in favor of plaintiff for $345, with legal interest from seventh July, 1874, till paid, and costs of suit, with privilege on the property attached and sequestered. The plaintiff then took a rule on the garnishee, the Merchants’ Mutual Insurance Company, to show cause why the $400, amount of insurance money on the piano, should not be deposited in court, and judgment rendered against the company as garnishees for the amount of the debt, interest, and •costs. The district judge decided that the rule to show cause was not the proper proceeding to determine the liability of a garnishee whose answers deny liability; and he dismissed the rule, reserving to plaintiff the right to proceed otherwise, and according to law, against the company.
Thereupon this suit was brought by Werlein against the Merchants’ Mutual Insurance Company to recover the amount of the judgment in his favor against Wheyland. From the judgment in favor of plaintiff -the company appealed; and plaintiff, appellee, now moves to dismiss -the appeal for want of jurisdiction, because the amount in dispute is less "than $500.
There is no question here about the correctness and finality of the judgment against Wheyland; nor is there any dispute as to the fact *1400 that the amount of the judgment against the company, including interest and costs, is less than $500; but the company, appellant, maintains-that the contract of insurance is indivisible, for the whole amount, $2400 p and that the matter in dispute is the liability of the company on this entire contract.
The evidence does not support this theory. Under this policy there was separate insurance on household furniture, not otherwise designated ; on the piano, on the sewing-machine, and on the mirrors, at separate valuations, the whole aggregating the amount insured, $2400-Now, all the household furniture might have been saved, and the piano and other articles might have been lost: or all might have been saved except the piano. So far as Werlein is concerned, he had seized in the-original suit, by attachment and sequestration, nothing more, nothing-less, than the insurance money on the piano, valued at $400 ; and the judgment gave him a privilege on nothing more, nothing less, than the $400 insurance money on the piano.
The basis of the present suit is the liability of the company, by reason of the judgment in the original suit, with privilege on the $400-insurance money on the piano; and although it may be true that the same causes which would make the company liable for the loss of the piano would make it liable for the loss of all the other property covered by the policy, Werlein had nothing to do with the liability of the company for any thing more, nor for any thing less, than the $400 insured-on the piano specifically.
In defending this suit, the company might have alleged causes which would have exonerated it from liability for any loss whatever under the-policy; but there could have been no judgment in this suit which would have been conclusive in favor of the company or against the company upon any other question or issue than liability for the loss of the piano-If the district court had determined that the company was not liable,, for any cause, for the loss of the piano, that judgment would have been res adjudicata against Werlein: but it would not have concluded the assured, if she had brought suit on the policy to recover for the loss of' the other property insured.
It frequently happens that the debtor, of whom his creditor claims-a large amount, is garnisheed for a small part only of that amount: and that, if he is liable for the small amount seized in his hands, he would bo liable for the whole amount claimed under the same contract or dealing ; but this is no obstacle to the enforcement, by garnishment, of liability for the smaller amount; nor are any parties concluded by the judgment on the garnishment except the parties to the suit, to the extent of the demand.
The amount in dispute, so far as they are concerned, is the debt *1401 which the seizing creditor seeks to enforce against the seized, debtor and whether the appellate tribunal would have jurisdiction of the controversy is a question wholly dependent upon the amount which the-garnishee could be compelled to pay upon the judgment.
It may be very inconvenient for the insurance company in this case,, it may be inconvenient for garnishees in many cases, to litigate with different persons the question of liability for portions of a larger alleged-indebtedness; but, after all, such inconvenience determines nothing with respect to the amount in dispute in any such case ; and the only criterion is: What amount would discharge the liability which the seizing-creditor seeks to enforce against the garnishee? If the answer be, a. sum exceeding $500, that is the amount in dispute; and appellate jurisdiction attaches; if the answer be, a sum less than $500, that is the-amount in dispute ; and appellate jurisdiction does not attach.
The amount in dispute in this case is the sum of money which-Philip Werlein demands of the Merchants’ Mutual Insurance Company* That dispute is exclusively between Philip Werlein and the insurance-company ; and as the amount demanded is confessedly less than $500,. this court is without jurisdiction.
The motion, therefore, must prevail; and the appeal is dismissed, with costs.